UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ARTHUR RANDLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 25-1178 |
| | ) |
| PEORIA HEIGHTS POLICE DEPT., *et al.* | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently incarcerated at Western Illinois Correctional Center, was granted leave to proceed *in forma pauperis*. As a threshold matter, Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 7) is granted.

The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff's original complaint named the Peoria Heights Police Department, Illinois Prisoner Review Board, and Illinois Department of Corrections as defendants. He did not list these organizations as defendants in his amended complaint, and, therefore, the Court will

dismiss them as defendants. Plaintiff's amended complaint names the following defendants and identifies their respective employment as follows: Defendants Price, Crider, and Potts are Peoria Heights police officers; and, Defendants Tupy and Grubbs are board members of the Illinois Prisoner Review Board.

Plaintiff alleges he was on parole when Defendants Price, Criser, and Potts arrested him for a domestic dispute on January 6, 2024. Plaintiff alleges that these defendants authored a police report that incorrectly stated that he was arrested at a residence, not at a gas station where he alleges the arrest occurred. Plaintiff alleges that his girlfriend, the alleged victim, "never called for a domestic dispute," and that the report incorrectly indicates that the police had been called twice for the same incident. Plaintiff alleges that the charges were dismissed on February 14, 2024.

Plaintiff alleges that Defendants Tupy and Grubbs presided over a parole board hearing on February 27, 2024. Plaintiff alleges that he testified truthfully at the hearing that he had complied with the terms of his parole, including host site, work, and reporting requirements. He alleges that his girlfriend testified that he never should have been arrested. Plaintiff alleges that Defendants Tupy and Grubbs falsified documents and revoked his parole even though he was never in violation.

Plaintiff's allegations suggest that he is asserting a Fourth Amendment false arrest claim, but the Court cannot ascertain whether he intended to do so, or whether he intended only to assert the due process and defamation claims mentioned in his amended complaint. If he intended to assert a false arrest claim, he must allege facts that permit a plausible inference that he was arrested without probable cause that he had committed any crime. *Gaddis v. DeMattei*, 30 F.4th 625, 630 (7th Cir. 2022); *Jump v. Village of Shorewood*, 42 F.4th 782, 789 (7th Cir. 2022)

("[W]e have held that an arrest can be supported by probable cause that the arrestee committed any crime.").

Plaintiff's allegations do not provide information regarding the nature of the domestic dispute for which Defendants Price, Criser, and Potts allegedly arrested him. The allegations state only that the location and number of times the police were called were incorrect in the police reports, and the Court cannot determine whether these facts are relevant to the issue of probable cause. For example, this information would likely not affect the existence of probable cause for an arrest for domestic battery under Illinois law, which occurs when an individual knowingly and without justification causes bodily harm or makes physical contact of an insulting or provoking nature with a family or household member. *See* 720 Ill. Comp. Stat. § 5/12-3.2. On the contrary, the location of arrest may be relevant to an arrest for violation of an order of protection or other court order that prohibited Plaintiff from being at a specific location. *See* 720 Ill. Comp. Stat. § 5/12-3.4 (violation of order of protection); *Id.* § 5/19-4 (criminal trespass to residence). Plaintiff's allegation that an arrest should not have occurred is too conclusory to permit a plausible inference that these defendants lacked probable cause.

Regarding Plaintiff's due process and defamation claims, "a police officer who manufactures false evidence against a criminal defendant violates due process if that evidence is later used to deprive the defendant of [his] liberty in some way." *Whitlock v. Brueggemann*, 682 F.3d 567, 580 (7th Cir. 2012). Plaintiff's arrest deprived him of his liberty, as did the revocation of his parole, but this claim suffers from the same lack of information outlined above. The Court cannot determine to what extent the alleged lies resulted in the deprivation of Plaintiff's liberty, if at all. Defamation does not violate the Constitution, nor does it deprive a person of an interest protected under the Fourteenth Amendment. *Gill v. Meyer*, 2023 WL 4976166, at *9 (E.D. Wis.,

filed Aug. 3, 2023) (collecting cases); *Paul v. Davis*, 424 U.S. 693, 700 (1976). If Plaintiff states a viable federal claim, the Court may be able to take supplemental jurisdiction over any state law defamation claim Plaintiff asserts. 28 U.S.C. § 1367.

Plaintiff's allegations regarding his parole revocation hearing present a different issue. "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence…" *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). If it would, a plaintiff has no cause of action under § 1983 "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489. *Heck*'s favorable termination requirement applies to parole revocation proceedings. *Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000).

Plaintiff does not provide the specific reasons officials revoked his parole. If Defendants Tupy and Grubbs relied upon the information in Defendant Price's, Crider's, and Potts' police reports and additional information indicating that Plaintiff had otherwise violated the terms of his parole, Plaintiff's allegations to the contrary, if true, would necessarily imply that his current confinement is invalid. Under *Heck*, any claim for damages that Plaintiff asserts under § 1983 would not accrue unless and until Plaintiff successfully challenged the proceedings in a habeas corpus proceeding. The Court also cannot rule out that *Heck* may bar Plaintiff's false arrest claims if the arrest in question formed the basis to revoke his parole.

Plaintiff has not provided sufficient information regarding the situation that led to his arrest for a domestic dispute and the resulting parole revocation hearings for the Court to find that he states a claim upon which relief can be granted. Plaintiff's complaint is dismissed with

leave to amend as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

**Plaintiff's Motions to Request Counsel (Docs. 8, 10)**

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's motions are denied with leave to renew.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File Amended Complaint [7] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

2) **The clerk is directed to terminate Peoria Heights Police Department, Illinois Prisoner Review Board, and Illinois Department of Corrections as defendants.**

3) **The clerk is directed to add Cody W. Price, Kevin E. Crider, Officer Potts, Kenneth Tupy, and Jeffrey Grubbs as defendants.**

4) **Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

5) **Plaintiff's Motions to Request Counsel [8][10] are DENIED with leave to renew.**

**6) The clerk is directed to send Plaintiff a blank complaint form.**

Entered this 29th day of July, 2025.

_s/Michael M. Mihm_
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE
